MIGUEL A. VIDAL, Plaintiff and Appellee, *v.* TERESA MASON WIDOW OF ENRICH, Defendant and Appellant.

No. 9662. Argued February 5, 1948.—Decided April 13, 1948.

*R. Rodríguez Lebrón* for appellant. *Diego O. Marrero* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This case is on all fours with *Vélez* v. *San Miguel, ante,* p. 534, except for one fact which does not change the result. Here the plaintiff purchased a house on August 15, 1946 in which the defendant was living as a month-to-month tenant of the previous owner for a rental of $35 monthly. On September 17, 1946 the plaintiff obtained an OPA certificate of eviction which entitled him to oust the defendant on or after December 4, 1946. The plaintiff accepted $35 a month from the defendant for the months of September, Oc-

tober, November and December, and issued receipts reciting that these amounts were for "rent". As the defendant failed to vacate the premises pursuant to the request made by the plaintiff on January 17, 1947, the plaintiff filed an unlawful detainer suit in the district court on April 7, 1947. The defendant has appealed from a judgment in favor of the plaintiff.

■■ As in the *Vélez* case, the only issue here is whether the district court erred in holding that the case was properly filed in that court. We affirmed the judgment in the *Vélez* case on the ground that all the acts of the plaintiff indicated he was not entering into a new lease with the defendant. It is true that in the *Vélez* case the plaintiff did not accept any money from the defendant after the OPA certificate became effective, whereas here the plaintiff did accept money for December on a date after the certificate permitted ouster. But that single difference in the facts does not make the *Vélez* case inapplicable. Our decision in the latter was not predicated on the refusal of the plaintiff to accept compensation after the certificate became effective. Rather the rationale of that case was that the acceptance of compensation for use of the property while the defendant was in possession did not in itself create a lease between the parties when the plaintiff demonstrated by all his other acts that he was not entering into a lease with the defendant. We came to this conclusion even though the receipt recited that the money was paid as "rent". In the same way, the plaintiff herein made no lease with the defendant. For the reasons stated in the *Vélez* opinion, acceptance of money as compensation for use of the property—whether accepted prior or subsequent to the effective date of the OPA certificate—did not under the circumstances of this case result in a contract between the parties.

The judgment of the district court will be affirmed.

Mr. Justice Todd, Jr., and Mr. Justice Marrero dissented.